IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK NICHOLAS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MR. LORTON** *WARDEN OF PHILA.* *HOC* | : : | **NO. 16-641** |

MEMORANDUM

**STENGEL, J.**                                                                            **MARCH 1, 2017**

Plaintiff Patrick Nicholas brings this civil action pursuant to 42 U.S.C. § 1983 based on the conditions at the Philadelphia House of Correction (HOC), where he was previously incarcerated. Currently before the Court is plaintiff's third amended complaint. For the following reasons, the Court will dismiss the third amended complaint in its entirety pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action against the "Philadelphia County Prison" based on the conditions at the HOC, where he was previously incarcerated. His initial complaint alleged that he had "a mental and a physical problem dealing with the 3 man cell and stress!" (Compl. ¶ II.D.) Plaintiff alleged that he had a headache and was "stress[ed] out." (*Id.* ¶ III.) He also filed a motion for leave to proceed *in forma pauperis*.

In an October 4, 2016 order, the Court denied plaintiff's motion to proceed *in forma pauperis* without prejudice because he failed to file a certified copy of his prisoner account statement as required by 28 U.S.C. § 1915(a). The order also informed plaintiff that the Philadelphia County Prison is not a "person" subject to the civil rights laws, and gave him leave to file an amended complaint.

Plaintiff filed his prisoner account statement and an amended complaint, which again named the "Philadelphia County Prison" as the defendant. The amended complaint did not allege any facts, but indicated that it was based on a "3 man cell problem" at HOC. (Am. Compl. at 3, ¶ E.1.) As the prisoner account statement that plaintiff submitted was deficient, the Court gave him an opportunity to return with the proper paperwork, which he did.

In a January 3, 2017 order, the Court granted plaintiff leave to proceed *in forma pauperis* and dismissed his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court again explained that a county correctional facility is not a "person" for purposes of § 1983. The Court also explained that, in any event, the amended complaint failed to provide facts to plausibly establish that the conditions of plaintiff's confinement at HOC "amounted to punishment or deprived him of any basic human need so as to state a claim." (Jan. 3, 2017 Order, ¶ 3.) Plaintiff was given leave to file a second amended complaint.

Plaintiff filed a second amended complaint naming the Warden of HOC as the defendant. He alleged that he was "in a 3 man cell for 6 months and it's cruel and unusual punishment." (Sec. Am. Compl. at 3, ¶ D.) In a January 23, 2017 order, the Court dismissed the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court explained that plaintiff had again failed to state a claim based solely on his allegation that he shared his cell with two other men. Furthermore, the second amended complaint failed to allege how the Warden was responsible for violating plaintiff's rights. Plaintiff was given an opportunity to file a third amended complaint.

Plaintiff's third amended complaint names Mr. Lorton, the Warden of HOC, as the defendant. The third amended complaint is based on the following facts: "Intentional infliction of emotional distress. Suffered [infliction] of emotional distress when I was unable to obtain

proper sleep by the overcrowdness." (Third Am. Compl. at 3, ¶ D.) Plaintiff indicates that he was "stress[ed] out and had back problem and neck problem and mental injuries." (*Id.* at 3, ¶ III.)

## II.    STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the third amended complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). As plaintiff's status during his incarceration at HOC is not clear, the Court will analyze the complaint under both amendments. To establish an Eighth Amendment violation based on

the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose.  *See id.* at 538-39; *Hubbard I*, 399 F.3d at158.

As the Court has previously explained to plaintiff, housing multiple inmates in a cell does not alone establish a constitutional violation.  *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional.").  Instead, in assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g.*, *Hubbard II*, 538 F.3d at 235.

Plaintiff's third amended complaint is essentially predicated on plaintiff's indication that he was incarcerated in a three man cell due to overcrowded conditions at HOC, and that he suffered emotional distress and problems sleeping as a result.  Without more, plaintiff's allegations fail to state a claim because they do not plausibly establish that the conditions in which he was confined amounted to punishment or deprived him of any basic human need.  *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human

need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Furthermore, plaintiff has again failed to allege how the Warden is responsible for allegedly violating his rights, whether due to his personal involvement or role as a policy maker. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015); *see also Iqbal*, 556 U.S. at 680-81.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's third amended complaint for failure to state a claim. As plaintiff has been given several opportunities to amend and has not been able to allege facts sufficient to state a plausible claim, the Court concludes that further attempts at amendment would be futile. An appropriate order follows.